Cite as: 567 U. S. \_\_\_\_ (2012)

# SUPREME COURT OF THE UNITED STATES

FEDERAL COMMUNICATIONS COMMISSION, ET AL.,
PETITIONERS *v.* CBS CORPORATION ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 11-1240. Decided June 29, 2012

The petition for a writ of certiorari is denied.

CHIEF JUSTICE ROBERTS, concurring in the denial of certiorari.

During the finale of the Super Bowl XXXVIII halftime show, entertainers Justin Timberlake and Janet Jackson performed a song and dance routine to Timberlake's song "Rock Your Body." As Timberlake ended the duet by singing "gonna have you naked by the end of this song," he tore away a portion of Jackson's bustier, momentarily revealing her breast. The performers subsequently strained the credulity of the public by terming the episode a "wardrobe malfunction."

The Federal Communications Commission issued an order fining CBS $550,000 for broadcasting the nudity. The agency explained that the incident violated the FCC policy against broadcasting indecent material, such as nudity and expletives, during the hours when children are most likely to watch television. The Third Circuit vacated the order, finding that it violated the Administrative Procedure Act as "arbitrary and capricious" agency action. The court held that the FCC's order represented an unexplained departure from the agency's longstanding policy of excusing the broadcast of fleeting moments of indecency. 663 F. 3d 122 (2011).

I am not so sure. As we recently explained in *FCC* v. *Fox Television Stations, Inc.*, the FCC's general policy is to conduct a context-specific examination of each allegedly

indecent broadcast in order to determine whether it should be censured.  556 U. S. 502, 508 (2009).  Until 2004, the FCC made a limited exception to this general policy for fleeting *expletives*.  *Ibid.*  But the agency never stated that the exception applied to fleeting *images* as well, and there was good reason to believe that it did not.  As every schoolchild knows, a picture is worth a thousand words, and CBS broadcast this particular picture to millions of impressionable children.

I nonetheless concur in the Court's denial of certiorari.  Even if the Third Circuit is wrong that sanctioning the Super Bowl broadcast constituted an unexplained departure from the FCC's prior indecency policy, that error has been rendered moot going forward.  The FCC has made clear that it has abandoned its exception for fleeting expletives.  *Id.,* at 509–510.  Looking ahead, it makes no difference as a matter of administrative law whether the FCC's fleeting expletive policy applies to allegedly fleeting images, because the FCC no longer adheres to the fleeting expletive policy.  It is now clear that the brevity of an indecent broadcast—be it word or image—cannot immunize it from FCC censure.  See, *e.g., In re Young Broadcasting of San Francisco, Inc.*, 19 FCC Rcd. 1751 (2004) (censuring a broadcast despite the "fleeting" nature of the nudity involved).  Any future "wardrobe malfunctions" will not be protected on the ground relied on by the court below.